## VANDYKE v. ADMRS. OF C. VAN DYKE.

In error.

On a plea of the statute of limitations, to an action on a money bond, issue being joined upon the replication, actio accrevit infra sexdecim annos—evidence of payments, is inadmissible for the purpose of taking the case out of the statute.

This court will not award a venire de novo, where it is manifest that it will not benefit the applicant.

This cause came before the court in May Term, 1836, on a writ of error to the Common Pleas of Somerset county, and the judgment below which had been rendered against the plaintiff in error, was reversed by the unanimous opinion of this court. 3 *Green's R.* 289. Since then, Van Dyke the plaintiff in error has commenced a suit against the administrators, to recover back the money paid by him, or raised by execution on the original judgment, out of his property, in satisfaction of that judgment.

*Mr. Vroom*, now moves for a venire de novo, on the ground that the judgment in error was not final and conclusive and did not settle the rights of the parties in relation to the matter in controversy ; and he insists that this motion ought now to be granted, though more than three years has elapsed since the judgment of reversal ; because if put to a new action, the statute of limitations will be a bar. The reason assigned for not making

Van Dyke v. Admrs. of C. Van Dyke.

an earlier application, is that having received the debt and costs from the defendant, the plaintiffs could not again carry the cause down for trial : but the defendant having now brought an action to recover back that money, the administrators can only protect themselves by a new trial in the original action.

*J. S. Green* for plaintiff, objects to this, First, Because it is too late. This case was determined in the term of May, 1836, and since then a suit has been commenced by the defendant below, to recover back the money. The judgment of this court is a general judgment of reversal, and on the faith of such a judgment, the defendant brought his suit to recover back the money received by the plaintiff below.

Second, Because this is a case in which the court would not have ordered a venire de novo, even if applied for at the May Term, 1836.

On page 298 of 3d *Green*, the Chief Justice says, " My opinion therefore is, that the court erred in admitting the plaintiff to prove payment in any way, under the issue joined in this case." Should a new trial take place, (the effect of granting a venire de novo,) the case of the plaintiff could not be bettered. The proof of payment, if attainable, would be inadmissible under the present pleadings : And yet without such proof, the plaintiff cannot overcome the statute of limitations. The suit is brought on a bond dated May 1st, 1797 ; outlawed on its face ; and the plaintiffs have filed no replication presenting any fact to relieve themselves from the operation of the statute. Why then put the defendant to the expense of preparing for a second trial, when such trial can do the plaintiff no good. The judgment of this court was virtually a judgment for the defendant below. For if the merits be against the plaintiffs, the defendant shall have a new judgment. For this court is to reform as well as affirm or reverse. 1 *Harr.* 409.

Third, The Supreme Court should have ordered a judgment for the defendant. From the whole case it appeared, that the merits are with the defendant below, and plaintiff in error. This court in the case of *Garr* v. *Stokes*, 1 *Harr.* 407 ; has laid down the correct rule. If the justice of the case, to the plaintiff in error, requires a venire de novo, the court will grant it, or give

such new judgment in favor of the plaintiff in error, as the court below should have given.

The decision of the Court was pronounced by,

HORNBLOWER, C. J.   Laying out of the question, all objection on the score of time ; and admitting that it is not a case, in which the judgment of this court was final between the parties, yet upon the principles on which my opinion in favor of a reversal, was founded, it would be a vain and nugatory thing to award a venire de novo in this case, upon the pleadings as they now stand. · Since this motion has been made, I have carefully reviewed that opinion, as it is reported in 3 *Green's R.* 289 ; and I have done so with the more care, because the rest of the court, although they did not dissent from my views of the case, put their opinions, (and with which I fully concurred) on the simple position, that the endorsements were permitted to be read as evidence of payments made on the bond, without any other proof of such payments having been made, or any evidence showing when, where or by whom those indorsements had been entered on the bond.   The result of that review has only served to confirm me in the view I then took of the case, that payments could not be given in evidence under the pleadings in the cause, for the purpose of taking the case out of the statute of limitations.

In my opinion therefore, this motion must be denied with costs.

*Motion denied with costs.*